FILED
2021 Jul-22 PM 03:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| KIMBERLEY COSHATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | |
| ) | 2:21-CV-0863-GMB |
| UNITED OF OMAHA LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT UNITED OF OMAHA LIFE INSURANCE COMPANY'S ANSWER

Defendant United of Omaha Life Insurance Company ("Defendant" or "United of Omaha") answers Plaintiff Kimberly Coshatt's ("Plaintiff") Complaint in the above styled action as follows:

### ADMISSIONS AND DENIALS

1. Upon information and belief, United of Omaha admits the allegations of Paragraph 1.

2. United of Omaha admits that it is an out-of-state company authorized to and doing business in Alabama. United of Omaha denies the remaining allegations of Paragraph 2.

3. Upon information and belief, United of Omaha admits that Plaintiff was employed by Eternal Word Television Network, Inc. ("EWTN") as a supervisor and that Plaintiff stopped working on or about April 1, 2020. United of Omaha also admits that the medical records submitted in support of Plaintiff's claim speak for themselves and reflect several diagnoses and conditions, including lupus, Hashimoto's thyroiditis, Raynaud's, and Sjogren Syndrome, none of which render Plaintiff disabled under the terms of the policies. United of Omaha denies that Plaintiff is entitled to benefits pursuant to the terms of the applicable short-term disability policy and denies the remaining allegations of Paragraph 3.

4. United of Omaha admits that it issued a Group Short-Term Disability Benefits policy (policy number GUG-B2L7) and a Group Long-Term Disability Benefits policy (policy number GLTD-B2L7) to EWTN, and that Plaintiff was a participant in the group plan before she stopped working. The policies speak for themselves and define when participants are entitled to disability benefits. United of Omaha further admits that Plaintiff made a claim for short-term disability benefits, and that United of Omaha correctly determined that Plaintiff was not entitled to short-term disability benefits pursuant to the terms of the Group Short-Term Disability Benefits policy. United of Omaha also admits that ERISA governs Plaintiff's claims in this case. United of Omaha denies that Plaintiff is entitled to disability benefits pursuant to the terms of the Group Short-Term Disability Benefits

policy, denies that Plaintiff submitted a claim for benefits pursuant to the Group Long-Term Disability Benefits policy, and denies the remaining allegations of Paragraph 4.

5. United of Omaha adopts and incorporates by reference its responses to Paragraphs 1 through 4 above.

6. United of Omaha denies the allegations of Paragraph 6.

7. United of Omaha admits Plaintiff exhausted her administrative remedies as to her claim for short-term disability benefits. United of Omaha denies that Plaintiff has exhausted her administrative remedies as to any claim for long-term disability benefits and denies the remaining allegations of Paragraph 7.

8. United of Omaha denies the allegations of Paragraph 8, including all subparts.

## GENERAL DENIAL

United of Omaha denies every allegation in the Complaint not specifically admitted herein and denies that Plaintiff is entitled to any damages or recovery from United of Omaha in this action.

## FIRST DEFENSE

Plaintiff's Complaint and each claim therein, separately and severally, fail to state claims upon which relief can be granted against United of Omaha.

## SECOND DEFENSE

Defendant did not breach any insurance contract with or any of its obligations to Plaintiff.

## THIRD DEFENSE

Under the applicable standard of review, Defendant made the correct decision, and its actions were not arbitrary and capricious.

## FOURTH DEFENSE

Plaintiff has failed to satisfy condition(s) precedent to recovery under the plan.

## FIFTH DEFENSE

Plaintiff is not entitled to any future damages.

## SIXTH DEFENSE

Any recovery due Plaintiff is limited solely to recovery expressly allowed by law.

## SEVENTH DEFENSE

Plaintiff is not entitled to any equitable relief.

## EIGHTH DEFENSE

Plaintiff failed to exhaust her administrative remedies or otherwise submit a claim for long-term disability benefits.

United of Omaha reserves the right to assert additional defenses at the appropriate time.

                                              Respectfully submitted,

                                              */s/ John S. Johnson*
                                              JOHN S. JOHNSON
                                              Bar ID ASB-7114-H67J

OF COUNSEL:
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama 35203
Telephone:  (205) 324-4400
Facsimile:  (205) 397-1307
E-mail:  jjohnson@handfirm.com

                                              HENRY T. MORRISSETTE
                                              Bar ID ASB-7622-E54H

OF COUNSEL:
HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, Alabama 36601
Telephone:  (251) 432-5511
E-mail:  hmorrissette@handfirm.com

                                              Attorneys for Defendant United of Omaha Life Insurance Company

## **CERTIFICATE OF SERVICE**

   I hereby certify that, on July 22, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

John M. Pennington
1023 Edenton Street
Birmingham, Alabama 35242
jmplaw@usa.net

                 */s/ John S. Johnson*