UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| KIMBERLEY COSHATT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:21-cv-863-GMB |
| | ) |
| UNITED OF OMAHA LIFE | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | |

**INITIAL ORDER
GOVERNING ALL FURTHER PROCEEDINGS**[1]

**I.   Discovery**

The parties may commence discovery pursuant to the terms of Federal Rule of Civil Procedure 26.  In cases removed from state court in which discovery requests were served before removal, those discovery requests shall be deemed to have been served on the date the parties file their Rule 26 report.  The parties are instructed to review Local Rule 5.3 regarding the non-filing of discovery materials in civil cases.

Prior to filing any motion regarding a discovery dispute, the moving party must serve the opposing party with a letter identifying each issue or discovery request in dispute, stating the moving party's position with respect to each such issue

---

[1] This order, along with Judge Borden's other standard orders in civil cases, is available at http://www.alnd.uscourts.gov/content/magistrate-judge-gray-m-borden.  The Local Rules of this court may be accessed at http://www.alnd.uscourts.gov.  The court assumes that all attorneys and *pro se* parties appearing in this case have read the Local Rules and will comply with them.

or request, and specifying the terms of the discovery order to be sought. Thereafter, counsel for the parties shall confer in person in a good faith effort to resolve the dispute in whole or part without court intervention. In the event the offices of the parties' counsel are located in different counties, they may attempt to resolve the dispute via telephone conference rather than in person.

If the parties are unable to resolve their discovery dispute, they shall prepare a joint stipulation to be filed simultaneously with a motion to compel or other motion. The stipulation shall specifically identify all issues or discovery requests in dispute and, with respect to each such issue or request, shall state (1) the contentions of each party, (2) the legal authority supporting those contentions, and (3) how each party proposed to resolve the dispute at the conference. For example, if the sufficiency of an answer to an interrogatory is in dispute, the stipulation shall state (1) both the interrogatory and the allegedly insufficient answer, verbatim; (2) each party's contentions as to that particular interrogatory and the legal authority supporting those contentions, separately; and (3) each party's proposal for resolution of the dispute as to the interrogatory at the conference, separately.

The court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel refused to confer or to provide the opposing party's portion of the joint stipulation. Failure of counsel to comply with or cooperate in the foregoing

process may result in the imposition of sanctions.

## II.     Electronic Submissions

### A.     CM/ECF Record

The official record of this case is maintained electronically pursuant to CM/ECF.  Documents must be filed through CM/ECF in Portable Document Format ("PDF"), unless submitted by a party appearing *pro se*, in which instance documents should be filed with the Clerk of Court.  Except in extraordinary circumstances, all filings shall be consistent with the Civil Administrative Procedures Manual found on the court's website at: https://www.alnd.uscourts.gov/sites/alnd/files/AL-N%20Civil%20Administrative%20Procedures%20Manual.Revision.02-2018.pdf.

### B.     Protected Information

Counsel are reminded to comply with the Administrative Procedures Manual's requirements for redacting personal identifiers (*e.g.*, Social Security numbers, drivers' license numbers, birth dates, addresses, telephone numbers, and bank account or credit card information) and other personal or sensitive information in compliance with the E-Government Act.

When filing material under seal, all parties must comply with the Administrative Procedures Manual.

### C.     Required Electronic Submissions to Chambers

**Counsel must email all proposed orders in Word format to the chambers inbox**. Counsel's failure to do so is grounds for the denial of a motion. The address for the chambers is borden_chambers@alnd.uscourts.gov. The court does not permit *ex parte* email communications; all emails to the chambers must show a copy to all opposing counsel or *pro se* parties.

## III.    Motion Practice

All motions must comply with the requirements of this order. Except for good cause shown, motions and briefs that do not conform with the requirements of this order may be stricken. The following must appear on the first page of every motion or brief directly below the case number in the caption of the pleading: (1) **requests for oral argument**, if applicable; and (2) an indication of whether the motion is **OPPOSED** or **UNOPPOSED**. Materials submitted after the close of the submission schedule will not be considered absent leave of court.

### A.     Format for All Motions and Briefs

The parties' motions and briefs shall be in Times New Roman font and 14-point type. Footnotes shall be in 12-point type. Documents shall be double-spaced except that footnotes and indented quotations may be single-spaced.

Citations to the record must refer to the document number and paragraph or line number, where available. If the parties are unable to cite to a specific paragraph

or line number, they shall cite the document number and page number.

### B.     Summary Judgment Motion Requirements

#### 1.     *Briefing Schedule*

The parties will receive a scheduling order with a deadline for filing dispositive motions. Any motion for summary judgment, supporting brief, and evidentiary materials will be due on or before that deadline. The responsive submission of the party opposing the motion for summary judgment is due no later than **21 days** after the motion for summary judgment is filed, unless otherwise ordered by the court. The movant's reply brief, if any, must be filed no later than **14 days** after the date on which the opponent's responsive brief was due, unless otherwise ordered by the court.

#### 2.     *Page Limitations*

Initial and response briefs are limited to 30 pages, exclusive of exhibits. Reply briefs are limited to 15 pages.

### C.     Non-Summary Judgment Motion Requirements

#### 1.     *Briefing Schedule*

A party filing a non-summary judgment motion shall either incorporate in the motion the arguments and authorities upon which it relies or simultaneously file a separate brief with its motion. The opponent's responsive brief shall be filed no later than **14 days** after the motion, unless otherwise ordered by the court. The

movant's reply brief, if any, must be filed no later than **7 days** after the date on which the opponent's responsive brief was due, unless otherwise ordered by the court.

### 2. *Page Limitations*

Initial and responsive briefs for dispositive motions other than summary judgment shall be limited to 15 pages, exclusive of exhibits. Reply briefs are limited to 10 pages.

### D. **Requirements for Evidentiary Materials**

Simultaneously with their briefs, the parties must file all evidentiary materials (*e.g.*, affidavits, exhibits, deposition transcripts, etc.) in support of or in opposition to a motion, except that materials included in the moving party's initial evidentiary submission may be referenced by any party opposing the motion without resubmitting additional copies of the same materials.

While the court reserves the right to consider evidentiary materials that are not specifically referenced in the brief, no party has a right to assume that the court will consider such materials. A specific reference must include the exhibit number, page, and line number when appropriate.

Each volume of evidentiary material must include a table of contents that includes a brief narrative description of each document (*e.g.*, Plaintiff's Exhibit 1, the Deposition of John Doe). For ease of citation, each affidavit, exhibit, deposition, etc. must be separately identified by a capital letter or number (*e.g.*, Exhibit A or

Exhibit 1); and, if the exhibit contains more than one page, each page must be separately numbered. Parties are directed to submit ENTIRE depositions, even if only relying on an excerpt, in travel-transcript format consisting of no more than four pages of deposition text per page.

### E. Motions to Withdraw as Counsel

A motion to withdraw as counsel must include a certification that the moving attorney has served a copy of the motion on his or her client and has informed the client of the right to file an objection with the court within 14 days of the date of the notification.

### F. Courtesy Copies

**Counsel should provide courtesy copies of dispositive motions, briefs, and evidentiary materials in support of those motions.** No other courtesy copies are required. Courtesy copies should be in a three-ring binder with exhibits clearly marked with dividing tabs. The filing party must submit to the Clerk's office, within three business days of the filing, an exact courtesy copy of the submission, reflecting the CM/ECF case number, document number, date, and page stamp on each page. Deliveries are not accepted in the court's chambers.

## IV. Suitability of Action for Alternative Dispute Resolution

All parties should give early consideration to the possibility of settlement to avoid unnecessary costs and fees. The court requires that all attorneys, along with

their clients, make an early analysis of the case and prepare to discuss settlement at an early date.  The parties also shall consider and discuss whether this action may be suitable for mediation under the court's ADR plan or otherwise.  At any stage, a party may make a written request for a settlement conference with the court if the party believes it would be conducive to settlement.

## V.     Particular Cases

If a party anticipates that it may—for any reason other than as a sanction under the Federal Rules of Civil Procedure—seek an award of fees from the opposing party pursuant to a statute or common law or an agreement between the parties, then the party must comply with the mandatory rules of fee shifting cases.  Failure to comply may result in denial of a request for attorneys' fees.

The court's webpage contains standard orders for fee shifting cases and cases that involve EEOC charges.  The parties may access the court's webpage at http://www.alnd.uscourts.gov/content/magistrate-judge-gray-m-borden.

DONE and ORDERED on August 24, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE