# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| KIMBERLEY COSHATT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| vs. ) | |
| ) | 2:21-CV-0863-GMB |
| UNITED OF OMAHA LIFE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## REPORT OF THE PARTIES' PLANNING MEETING

Plaintiff Kimberly Coshatt ("Plaintiff") and Defendant United of Omaha Life Insurance Company ("Defendant" or "United of Omaha"), by and through their respective counsel, hereby file their Report of the Parties' Planning Meeting held pursuant to Fed. R. Civ. P. 26(f) and the Court's Initial Order. For their Report of the Parties' Planning Meeting, the Parties jointly state the following:

1.  The following persons participated in a Rule 26(f) conference on September 21, 2021:

   - John Pennington, representing Plaintiff Kimberly Coshatt; and

- John S. Johnson, representing Defendant United of Omaha Life Insurance Company.

2. **Nature of the Case and Synopsis of Claims and Defenses:**

(a) **Nature of the Case:** This case involves United of Omaha's denial of disability benefits pursuant to an ERISA-governed group disability plan.

(b) **Plaintiffs' Claims:** Plaintiff alleges that denial of her benefits was wrongful and in contravention of the terms of the plan. Accordingly, Plaintiff seeks the recovery of benefits due under the policy plus interest, costs, and attorneys' fees.

(c) **Defendant's Defenses:** United of Omaha's defenses are stated generally in its Answer. Plaintiff's claims are governed by ERISA. United of Omaha is not liable because it complied with the terms of the short-term disability insurance policy issued to Plaintiff's former employer. United of Omaha is entitled to discretionary review based on the provisions of the long-term disability policy that grant United of Omaha discretionary authority to interpret the provisions of the policy and make benefit decisions. United of Omaha investigated Plaintiff's claim for disability benefits and reasonably and appropriately determined that she does not satisfy the benefit provisions of the short-term disability policy because the medical records submitted do

not support restrictions and limitations that render her unable to perform the material duties of her occupation.

3. **Initial Disclosures.**   The Parties have exchanged initial disclosures as required by Fed. R. Civ. P. 26(a)(1).

4. **Discovery Plan.**  The Parties propose to the Court the following discovery plan:

    (a)    Discovery will be needed on the following subjects:

United of Omaha maintains that the Policy at issue in this ERISA case gives United of Omaha discretionary authority to determine eligibility for coverage and benefits and to interpret the terms and provisions of the Policies.  Thus, the Court's review is limited to the ERISA administrative record, which has been produced to Plaintiff. For that reason, it is United of Omaha's position that no discovery should be allowed in this case, with the possible exception of the review of additional information concerning Plaintiff's earnings and other financial information that may be pertinent to Plaintiff's ongoing claim. As a result, information and documents beyond the ERISA administrative record and relevant plan documents are not material in this action.

Plaintiff maintains that discovery will be needed on the following:

1. Facts and documents relating Plaintiff's claims for benefits, factual claims, allegations and alleged damages;

2. United of Omaha's defenses to Plaintiff's claims, allegations and alleged damages;

3. United of Omaha's decision to deny Plaintiff's claims;

4. The extent, if any, of United of Omaha's conflict of interest.

The Parties do not expect discovery to be complex.

(b) Subject to Section 4(a) above, all discovery should be commenced in time to be completed by **February 28, 2022**.

(c) Subject to Section 4(a) above, maximum of 25 interrogatories by each party to any other party, which are proportional to the needs of the case. Responses due thirty days after service.

(d) Subject to Section 4(a) above, maximum of 25 requests for admission by each party to any other party, which are proportional to the needs of the case. Responses due thirty days after service.

(e) Subject to Section 4(a) above, maximum of 25 requests for production by each party to any other party, which are proportional to the needs of the case. Responses due thirty days after service.

  (f) Subject to Section 4(a) above, maximum of four (4) non-party depositions by Plaintiffs and four (4) non-party depositions by Defendant, which are proportional to the needs of the case.  Each deposition limited to a maximum of seven (7) hours, unless extended by agreement of the Parties.

  (g) Subject to Section 4(a) above, reports from retained experts under Rule 26(a)(2) due:

    i. from Plaintiffs by **December 28, 2021**; and
    ii. from Defendant by **January 28, 2022**.

  (h) Supplementation under Rule 26(e) due in a timely manner and no later than **30 days** before the close of discovery.

  (i) Disclosure or discovery of electronically stored information should be handled as follows:  the policy and claim file will be produced in PDF format to enable the Parties to exchange discoverable information without undue burden or cost.  The parties do not expect any issues with the disclosure, discovery, or preservation of electronically stored information.  Otherwise, disclosure or discovery of any electronically stored information should be handled in accordance with the Federal Rules of Civil Procedure.

  (j) The Parties have agreed to handle claims of privilege or of protection as trial-preparation material asserted after production in accordance with Federal Rule of Civil Procedure 26(b)(5).  The Court's scheduling order may adopt this under Federal Rule of Evidence 502.

5. **Other Items.**

(a) The Parties **do not request** a conference with the Court before the entry of the scheduling order.

(b) Because this is an ERISA case, the Parties do not request a pre-trial conference with the Court.

(c) Plaintiffs should be allowed until **November 30, 2021**, to join additional parties and to amend the pleadings.

(d) Defendant should be allowed until **December 30, 2021**, to join additional parties and to amend the pleadings.

(e) All dispositive motions, including cross-motions for judgment on the ERISA administrative record, should be filed by **March 18, 2022**.

(f) The Parties are exploring the possibility of the early resolution of this case. However, the case cannot be settled at this time.

(g) The suitability of this case for mediation or other Alternative Dispute Resolution procedures cannot be evaluated until the Parties exchange initial disclosures. Any request for Court-ordered mediation must be made no later than **January 7, 2022**.

(h) This case should be ready for a **non-jury trial or hearing** by **June 2022**. The hearing is expected to last less than one day. Because this is

an ERISA case to be decided on the ERISA administrative record, no witnesses or deposition designations are necessary.

Respectfully submitted this 22nd day of September, 2021.

                                        */s/ John M. Pennington*
                                        JOHN M. PENNINGTON
                                        Attorney for Plaintiff Kimberly Coshatt

OF COUNSEL:
1023 Edenton Street
Birmingham, Alabama 35242
Telephone:  (205) 314-5737
E-mail:         jmplaw@usa.net

                                        */s/ John S. Johnson*
                                        JOHN S. JOHNSON
                                        ASB-7114-H67J

OF COUNSEL:
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North, Suite 400
Birmingham, Alabama  35203
Telephone:  (205) 324-4400
Facsimile:   (205) 397-1307
Email:          jjohnson@handarendall.com

                                        HENRY T. MORRISSETTE
                                        Bar ID ASB-7622-E54H

OF COUNSEL:
HAND ARENDALL HARRISON SALE LLC
Post Office Box 123
Mobile, Alabama 36601
Telephone:  (251) 432-5511
E-mail:         hmorrissette@handfirm.com

                                        Attorneys for Defendant United of Omaha Life Insurance Company